IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0320-01-CR-W-ODS |
| ) | |
| LEROYCE J. WHITE, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION ALLOWING DEFENDANT TO WITHDRAW PLEA

On September 12, 2007, Defendant was charged with one count of being a felon in possession of a firearm and one count of possession with intent to distribute more than five grams of cocaine base. On February 1, 2008, Defendant entered a plea of guilty to count one pursuant to a written plea agreement with the Government. As part of the plea agreement, the Government agreed to dismiss count two. The plea agreement estimated Defendant's base offense level to be 24 pursuant to § 2K2.1(a)(2). Both parties believed Defendant had only two prior felony convictions of either a crime of violence or a controlled substance offense. The plea agreement stated and the Court informed Defendant that his maximum sentence would be not more than ten years.

After the Court accepted Defendant's guilty plea, the Probation Department prepared a Presentence Investigation Report (PSR). The Probation Department discovered that Defendant had an additional controlled substance offense as part of his criminal history. The effect of this additional crime resulted in the application of the Armed Career Criminal provision found in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(c)(2) in Defendant's PSR. This provision requires a fifteen year mandatory minimum term of imprisonment.

Defendant asks the Court to enforce the plea agreement as written. He argues that at the time of his plea he was not advised that he could be subjected to an enhanced sentence as an armed career criminal, and therefore, his maximum sentence should remain ten years. However, plea agreements do not bind the Court. The

parties' pre-sentencing estimation of Defendant's criminal past does not bar the Court from considering information provided by the Probation Office. The Court's obligation to follow Congress' dictates cannot be thwarted by an agreement between the parties. The Probation Office determined that § 924(e) applied after its own investigation and without prompting from the Government. Therefore, it is not a breach of the plea agreement for the Court to impose the statutorily mandated Armed Career Criminal provision. See United States v. Bates, 77 F.3d 1101, 1106 (8th Cir. 1996) (stating court has no discretion to deviate from fifteen year mandatory minimum provision of § 924(e)(1)).

However, Federal Rule of Criminal Procedure 11 requires the Court, when taking a defendant's plea, to inform him of his maximum possible penalty. In this case, Defendant was informed, incorrectly, that his maximum sentencing exposure was ten years imprisonment. Therefore, his plea was invalid and the proper remedy is to allow Defendant to withdraw his guilty plea and be placed back in the position he was in before he pled. See, e.g., United States v. Smalley, 294 F.3d 1030, 1033-34 (8th Cir. 2002).

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: March 17, 2009                UNITED STATES DISTRICT COURT